# Long v. Hackman.

The Court has no power on appeal to summarily quash a writ issued by a Magistrate on the ground that the subject matter of the suit is the same as that in another action pending, and especially is this so when the two suits are brought against different parties. If both parties were sued for the same debt this is a matter of defense.

APPEAL FROM MAGISTRATE—MOTION TO QUASH WRIT.

No. 48, September Term, 1902, C. P. of Lancaster Co.

S. P. Eby, Esq., for rule.

Willis G. Kendig, Esq., contra.

Opinion by LANDIS, J., December 20, 1902.

In this case, suit was brought against the defendant before Alderman W. S. Doebler, and a hearing was fixed for September 6, 1902, between 9.30 and 10 o'clock a. m. At the request of S. P. Eby, Esq., attorney for the defendant, the hearing was continued until 2.30 o'clock p. m. At that time, the plaintiff appeared, with his counsel, but the defendant did not appear,

nor any one for him, and a hearing having been duly had, judg-ment was entered in favor of the plaintiff for $51.78. From this judgment the defendant took an appeal to this Court. He now claims that the writ should be quashed, because the subject mat-ter of this suit he alleges, is the same as that of a certain action now pending between the plaintiff and Nathaniel Zug.

We have already endeavored to show, in a decision just filed, that we have no right to summarily quash a writ of sum-mons issued by a Magistrate; but especially is this so when the two suits are brought by the plaintiff against different parties. If he has sued them both for the same debt, there can, of course be but one recovery; but that is a matter of defense, and not one which we could take cognizance of in this summary manner. We are, therefore, obliged to discharge this rule.

· Rule discharged.

From Lancaster Law Review,
Lancaster, Pa.